### UNITED STATES v. ZUMWALT.

(District Court, D. Idaho, N. D. May 24, 1910.)

INDIANS (§ 34*)—OFFENSES—FURNISHING LIQUOR TO INDIANS—TREATY—CONSTRUCTION—"ALLOTTEE."

    The Nez Perce treaty (Act Aug. 15, 1894, c. 290, 28 Stat. 326, 327, 328, 330) provided that the lands ceded by the agreement, those retained and those allotted to the Nez Perce Indians, should be subject for 25 years to all the laws of the United States prohibiting the introduction of intoxicants into the Indian country, and that the Nez Perce Indian allottees, whether under the care of an Indian agent or not, should for a like period be subject to all the laws of the United States prohibiting the sale or other disposition of intoxicants to Indians. *Held,* that the term "allottee," as used in such provision, was descriptive of the person, and not of the condition, and that a Nez Perce Indian to whom lands had been allotted was not thereby removed from the class described in the treaty as "Nez Perce Indian allottees" by the issuance to him of a patent conveying the absolute title to his allotment prior to the expiration of the specified 25 years, so that it was no defense to a prosecution for furnishing liquor to such an Indian that he was an allottee to whom the United States had conveyed the absolute title to his allotment by patent.

    [Ed. Note.—For other cases, see Indians, Dec. Dig. § 34.*]

Nelson T. Zumwalt was indicted for furnishing liquor to a Nez Perce Indian. On demurrer to indictment. Overruled.

C. H. Lingenfelter, U. S. Atty.
Morgan & Morgan and John Nisbet, for defendant.

DIETRICH, District Judge. From the indictment, and from admissions made at the argument, it appears that the Indian named in the indictment, to whom the defendant is alleged to have furnished the intoxicating liquor, is a Nez Perce Indian, and was living upon the Nez Perce Indian reservation, and in charge of an agent, at the time of the treaty with the United States by which the lands were in part

distributed in severalty to the Indians and the balance thereof sold to the white people. Some time after the allotment was made to him, and prior to the acts charged in the indictment, the Secretary of the Interior, acting within his lawful discretion, issued to him a patent conveying to him the absolute title of the land allotted, and the defendant contends that by reason of the issuance of such patent the Indian was removed from the class of Nez Perce Indians to whom the law prohibits the sale of intoxicating liquor.

By the treaty with the Nez Perce Indians, above referred to (Act Aug. 15, 1894, 28 Stat. 326, 327, 328, 330), it was provided:

"That the lands by this agreement ceded, those retained, and those allotted to the said Nez Perce Indians, shall be subject for a period of twenty-five years to all the laws of the United States prohibiting the introduction of intoxicants into the Indian country, and that the Nez Perce Indian allottees, whether under the care of an Indian agent or not, shall, for a like period, be subject to all the laws of the United States prohibiting the sale or other disposition of intoxicants to Indians."

In the case of Dick v. United States, 208 U. S. 340, 28 Sup. Ct. 399, 52 L. Ed. 520, this treaty provision was held to be valid and effective so far as it relates to the introduction of liquor into the Indian country, and no reason is apparent why, if it is valid and effective for that purpose, it should not also be held to operate in continuing the applicability to the Nez Perce Indians, of the laws of the United States prohibiting the sale of intoxicants to Indians under the care of an Indian agent.

It is, however, contended that by its terms it purports to continue such laws in force only as to "allottees," and it is argued that the Indian to whom the liquor was sold in this case, having received his final patent, and hence the absolute title to his allotment, is no longer to be considered an "allottee." By such a view it is assumed that the term "allottees" is used as descriptive of a status, rather than of a person or class of persons; that is, the law shall apply to Nez Perce Indians so long only as they hold their land by allotment, and not by patent. But the better view is thought to be that the term was used as descriptive of the person, and not of a condition or status, and that, amplified, it is to the effect that the liquor laws shall apply for the period of 25 years to all Indians to whom lands are allotted. Too great significance is by counsel for the defendant attached to the provision of the law authorizing the Secretary of the Interior, under certain conditions, to issue patents conveying the absolute title to Indian allottees. The mere modification of the status of property rights does not necessarily imply an intention on the part of Congress to alter the personal status of the grantee. It is clear that upon the allotment of their lands in severalty to the Nez Perce Indians they became vested with many of the rights of citizenship, notwithstanding the fact that the United States continued to hold the title to their lands in trust for the period of 25 years, and notwithstanding the prohibition against their use of intoxicants. Rights incident to citizenship and rights incident to ownership were conferred, but both the citizenship and the ownership were limited and qualified. It was entirely competent for Congress unreservedly and absolutely to transfer property to the In-

dians and pass no right of citizenship; and upon the other· hand it was competent to confer upon them limited rights of citizenship and vest in them only qualified ownership. As was said in the Heff Case, 197 U. S. 509, 25 Sup. Ct. 512, 49 L. Ed. 848:

"The fact that property is held subject to a condition against alienation does not affect the civil or political status of the holder of the title. Many a tract of land is conveyed with a condition subsequent. A minor may not alienate his lands; and a proper tribunal may, at the instance of the rightful party, enforce all restraints upon alienation."

And, in speaking of the guardianship of the United States over the Indians, the court further said:

"It [the United States] may at any time abandon its guardianship and leave the ward to assume and be subject to all the privileges and burdens of one sui juris. And it is for Congress to determine when and how that relationship of guardianship shall be abandoned. It is not within the power of the courts to overrule the judgment of Congress."

It follows that it is not only for Congress to determine when and how the relationship of guardianship shall be abandoned, but to what extent. It may abandon some of the rights and duties of such relation, and retain others. See, also, United States v. Celestine (decided by the Supreme Court of the United States December 13, 1909) 215 U. S. 278, 30 Sup. Ct. 93, 54 L. Ed. 195.

To recapitulate, the treaty provision with the Nez Perce Indians is valid, and avails to furnish to the Nez Perce Indian allottees the full protection of the law prohibiting the sale of liquor to Indians for the period of 25 years; that there is no vital or necessary relation between the political status and the property rights of an Indian; that the term "allottee" is descriptive of the person, and not of a condition; and that a Nez Perce Indian to whom lands have been allotted is not removed from the class described in the treaty as "Nez Perce Indian allottees" by the issuance to him of patent conveying the absolute title prior to the expiration of the specified period of 25 years.